

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: | | No. 08-19-00151-CR |
| | § | |
| THE STATE OF TEXAS, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## POST-ARGUMENT SUPPLEMENTAL BRIEFING REQUEST

In this case, the trial court issued an order compelling the discovery of seven categories of

material. The categories are:

1. Disclosure of, and the latest curricula vitae/resume, with date of preparation for each person involved in any investigation, evaluation, physical or medical examination, and/or forensic testing of any kind in the instant case or any related case and all expert witnesses the State intends to call at trial or at any hearing in this case or any related case.

2. The Defense requests the State disclose the number of times each expert has been qualified as an expert witness in Federal, state, or administrative courts, the types of court in which each witness has testified the locations (city and state/territory/county) of each court, and the civil and criminal docket number of each case.

3. The Defense further requests the State to identify by cause number and name of Defendant all related cases in which EPPD Officer Francisco J. Balderrama #2990 has testified. This request includes all related cases of co-defendants or associated persons or those involved in any alleged controversy between the 'Bandidos Outlaw Motorcycle Gang (OMG) and the Traviezos Motorcycle

1

club.'

4. The Defense further requests the State to produce written transcripts of the testimony of EPPD Officer Francisco J. Balderrama #2990 in all cases responsive to request #3.

5. The Defense further requests disclosure of any reports, information, evidence, publications (with citations), unpublished studies, and any other material considered by the expert in the preparation of any memorandum, correspondence, report, evaluation, and/or opinion prior to testifying.

6. Notice of any professional sanction of any kind, formal or informal, imposed upon or given by any governmental regulatory body, professional association, or professional publications, to any person involved in any evaluation, physical or medical examination, and/or testing or to any expert witness to be called in the instant case or related case by the State.

7. If any expert's testimony will be different from that contained in any expert's memorandum, correspondence, report, evaluation, and/or opinion or the substance of the testimony is not contained in such, disclosure in writing of the substance of the expert's proposed testimony, the expert's opinion, and the underlying basis/bases for that opinion.

Additionally, the trial court further ordered that Item #2 would be limited to the time frame of five (5) years prior to August 3, 2016. Additionally, all remaining requests were limited in scope to the pending case and all related cases (a total of 10), which arose from the same incident that is the subject of the pending case.

The State contends in its mandamus petition that the trial court did not have the authority to order the disclosure of information identified by Items #2, 3, 4, 5, and 7. At oral argument, counsel for the real party in interest stated that he had received CVs (item #1) that contained cases the experts had testified in (item #2 and #3) and had independently obtained the transcripts relevant to this case (item #4). Counsel for the State represented that professional sanctions entered against the experts, if any, would be disclosed (item #6). Both the State and counsel for the real party in interest agreed that the real party in interest had been allowed to view his gang file.

In light of these statements made at oral argument, the Court requests that the parties file

supplemental letter briefs addressing the following topics:

......................................................................

**QUESTIONS FOR THE STATE**

- Given that the State has allowed opposing counsel to view Real Party in Interest's gang file, is the State still maintaining its position that ordering discovery related to Item #5 constitutes an abuse of discretion? If so, in what respect does Item #5 discovery constitute an abuse of discretion by the trial court in the eyes of the State?

- In what respect does Item #7 constitute an abuse of discretion by the trial court in the eyes of the State?

**QUESTIONS FOR BOTH RELATOR AND REAL PARTY IN INTEREST**

- In light of statements made at oral argument by counsels for the State and the real party in interest regarding the exchange of material and/or the obtaining of material through independent means, is there still a live justiciable controversy before this Court? If so, what is/are the point(s) of controversy?

**QUESTIONS FOR REAL PARTY IN INTEREST**

- Given that the State has allowed counsel to view Real Party in Interest's gang file, do you believe that the State has complied with the order as to Item #5? If so, is the controversy related to Item #5 moot? If not, in what respect do you believe the State has not complied with Item #5?

......................................................................

Counsel for Relator is directed to file his letter brief **within 10 days of this order.** Counsel for

Real Party in Interest is directed to file his letter brief **within 10 days of the date the Relator's**

**letter brief is filed with this Court**.

IT IS SO ORDERED THIS 24TH DAY OF FEBRUARY, 2020.

PER CURIAM

3